[No. 14773.  Department One.  September 24, 1918.]

E. D. MINEAH *et al., Appellants,* v. C. E. DUFFY, *as Sheriff of Benton County, et al., Respondents.*[1]

HUSBAND AND WIFE—COMMUNITY DEBT — ACTIONS — JUDGMENT—CONSTRUCTION.  Where the complaint in an action to foreclose a mortgage alleged that it was a community debt and the same was admitted by the answers, a deficiency judgment against the husband, who alone signed the note, is not an adjudication that the debt was his separate debt, there being no provision that it was to be executed against his separate property; and community property was subject to it, in view of the whole record and the rule that a judgment against the husband alone is prima facie a community liability.

ESTOPPEL—ASSERTION OF CONTRARY CLAIMS—CHANGE OF SITUATION.  A community creditor, who, in actions to set aside fraudulent conveyances, claimed the property conveyed was the separate property of the husband, is not estopped from subsequently asserting that it was community property in a suit to enjoin his execution sale, where he was nonsuited, recovering nothing by his first actions, in which the character of the property was immaterial, since the rights of the parties were not changed or affected.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered May 12, 1917, upon findings in favor of the defendants, in an action to enjoin the sale of property on execution, tried to the court.  Affirmed.

*M. M. Moulton* and *Lon Boyle,* for appellants.

*W. H. Wilson* and *McGregor & Fristoe,* for respondents.

FULLERTON, J.—In the year 1912, the appellant E. D. Mineah and one F. A. Kennett made and delivered to the respondent M. Z. Donnell promissory notes of the face value of $20,000, and secured the same by mortgages upon real property situated in Benton county.

[1]Reported in 175 Pac. 170.

At the time of the execution of the notes and mortgages, both Mineah and Kennett were married men living with their wives. The wives, while not signing the notes, joined in the execution of the mortgages. The notes were not paid according to their tenor and effect, and a single action was brought to recover thereon and to foreclose the mortgages. In the complaint in the action it was alleged that the obligation for which the notes and mortgages were given was the community obligation of the makers of the notes, and judgment was demanded against the makers of the notes individually and against the communities consisting of the makers and their respective wives. The defendants filed answers to the complaint in foreclosure and, while denying certain allegations of the complaint, expressly admitted the allegation as to the community character of the indebtedness. Judgment was subsequently entered in the action in favor of the plaintiff therein. The judgment, however, made no reference to the community character of the debt. It provided that the plaintiff have and recover "against the defendants F. A. Kennett and E. D. Mineah, and each of them," the amount found due upon the notes, directed a sale of the mortgaged property, and further provided that, in case the proceeds of the sale were insufficient to satisfy the judgment, "the plaintiff have execution for the unpaid portion of said judgment against the property of the defendants F. A. Kennett and E. D. Mineah and each of them." The mortgaged premises were sold under the judgment of foreclosure, bringing a comparatively insignificant sum, leaving a deficiency of something over $17,000.

After the return of the deficiency, the appellants Mineah and wife executed a chattel mortgage to the Prosser State Bank, covering all of their personal property, to secure an indebtedness of $5,000 owing

by them to the bank. At about the time of the execu-
tion of the mortgage, the respondent Donnell caused
a writ of execution to issue upon the deficiency. Dis-
covering then the chattel mortgage, he brought an
action in the superior court, making defendants thereto
Mineah and wife and the bank, seeking to have the
mortgage set aside and the mortgaged property sub-
jected to sale under his writ of execution. In his com-
plaint he alleged that the mortgage had been executed
without consideration and as a result of a conspiracy
between the mortgagors and the bank, having for its
purpose the cheating and defrauding of the plaintiff
and preventing the collection of his deficiency judg-
ment. The complaint also contained the further alle-
gations:

"The said chattel mortgage includes all of the prop-
erty of the said defendants, other than the Prosser
State Bank, which might at that time or at any time
since said date have been levied upon under said exe-
cution, and the said mortgage was given for the pur-
pose of cheating and defrauding the plaintiff and de-
feating and rendering fruitless his attempt to levy
upon the said mortgaged property for the purpose of
satisfying his said judgment; that the defendants E. D.
Mineah and Carrie V. Mineah at that time owned, and
still own, a large amount of other property not subject
to levy under said execution, but which would have
been ample security for any indebtedness which they,
or either of them, or any of the defendants might have
owed to the Prosser State Bank, but that no other
property of the said defendants, or any of them, was
given as security to the said Prosser State Bank, ex-
cept as hereinbefore stated, namely, the property and
all of the property which legally was subject to the
levy of the plaintiff under his execution upon said
judgment."

To the complaint the defendants therein filed sep-
arate answers, denying generally the allegations of the
complaint. The evidence offered at the trial was di-

rected towards establishing allegations of the complaint, the plaintiff proceeding on the theory that the deficiency judgment was the separate obligation of R. D. Mineah and not the community obligation of Mineah and wife. At the conclusion of the evidence of the plaintiff, the trial court granted a motion of nonsuit, holding the evidence insufficient *prima facie* to justify a recovery.

At about the time of the commencement of the last mentioned action, the respondent instituted a proceeding in garnishment against the Prosser State Bank and one E. A. Parlett, the object of the proceeding being to reach the money realized by Mineah and wife from the chattel mortgage executed by them to the bank. In this proceeding the allegations in the affidavit concerning the property of the Mineahs were substantially the same as in the action mentioned, and it was stipulated that the evidence in that case should be considered as evidence in the proceeding. At the conclusion of the proceeding, the writ of garnishment was quashed.

After the failure of the foregoing proceedings, the respondent caused execution to be levied upon the community real property of the appellants Mineah and wife. The appellants thereupon began the present action to enjoin the sale, setting up in an amended complaint the deficiency judgment in the foreclosure proceedings, averring it to be the separate obligation of E. D. Mineah and not the community obligation of Mineah and wife; also setting up the proceedings theretofore instituted to collect the judgment, averring that the respondent was thereby estopped to assert the community nature of the judgment, if it was in fact a community obligation. Issue was taken on the complaint and a trial had, resulting in a judgment to the effect that the deficiency judgment was the community

obligation of E. D. Mineah and Carrie V. Mineah, his wife, and enforceable out of the separate property of E. D. Mineah and the property of the community consisting of himself and wife. This appeal is from the last mentioned judgment.

It is the appellants' first contention that the judgment sought to be executed upon their community property is, in legal effect, the separate obligation of the appellant E. D. Mineah. It is not denied that, in this jurisdiction, a judgment against the husband alone is *prima facie* a community liability, nor is it denied that such a judgment may, in a proper proceeding, be conclusively established as a judgment against the community. But it is contended that this judgment does not fall within the general rules because of the somewhat peculiar condition of the record. From the statement it will be seen that the respondent in the foreclosure action alleged in his complaint the community character of the obligation sued upon; that the appellants, in their answer, admitted the allegation; that the court made no finding on the question, and in entering its judgment expressly provided that the deficiency remaining after the foreclosure sale could be executed upon the property of E. D. Mineah, without providing that it could be executed upon the community property of E. D. Mineah and wife. It is argued that this is in effect an adjudication that the judgment is the separate obligation of the husband; that a party to an action must make the most of his day in court, and, when he takes a judgment limited in form when he might have had a broader judgment, he is thereafter concluded by the judgment as written. But we think this an erroneous view of the effect of the judgment. The judgment is not limited in form. While it provides that, if upon the return of the sale of the mortgaged property a deficiency remains, the

respondent may have judgment against the appellant
E. D. Mineah, it is not provided that the judgment
must be executed against his separate property, or
that the community property of himself and wife shall
be exempt from such an execution. At most it was in
form an inconclusive judgment, in so far as community
property was concerned; that is to say, the community
property of E. D. Mineah and wife was only *prima
facie* subject to execution under it. Since we may ex-
amine the entire record to discover the scope and ef-
fect of a judgment as to its community character, and
since the record shows that the obligation on which
the judgment was founded was confessedly a com-
munity obligation, plainly the court did not err in hold-
ing the appellants' community property liable to its
satisfaction.

The further contention is that the respondent is
estopped by his acts in the subsequent proceedings
brought to enforce collection of the judgment from now
asserting the community character of the judgment.
But we think this claim also untenable. The respond-
ent in these proceedings asserted the separate char-
acter of the obligation contrary to his present claim
and it may be that, had he obtained property of the
appellants by reason of such assertion to which he
would not otherwise have been entitled, equity and
good conscience would not permit him to assert the
contrary for the purpose of obtaining other property,
at least without a surrender of his gains. But in those
proceedings he was nonsuited. He gained nothing and
was mulcted in costs. The assertion of a separate
character of the judgment was not even necessary to
the maintenance of his cause of action. Had he proved
his allegations as to the fraudulent nature of the chat-
tel mortgage he sought to set aside, the property he
attempted to reach would have been subject to execu-

tion under the judgment whether it be a community or a separate judgment. We have, therefore, nothing more than an erroneous assertion in a legal proceeding of the character of a judgment. This did not change its scope or affect the rights of the parties thereunder. These are determined by the judgment itself, and remain fixed, whatever may be the contentions of the parties with relation thereto.

We conclude that the judgment appealed from should stand affirmed, and it is so ordered.

MAIN, C. J., PARKER, MITCHELL, and TOLMAN, JJ., concur.